Fred Latham
vs.  } No. 82850.
Arthur F. Hunt

January 5, 1932.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff for $1,041.22.

There was evidence that plaintiff had loaned three different sums of money to defendant. Apparently the jury accepted the evidence as to two of the loans and declined to accept the evidence as being sufficient to support the third. The evidence as a whole clearly establishes the fact that money was loaned by Latham to Hunt and substantially in the amount as found by the jury.

As to the loans found by the jury to

be established the defense was that defendant had been adjudicated a bankrupt and by his discharge had been released from the payment of prior indebtedness including the amounts owed to Latham.

It appeared that Hunt had filed a petition in bankruptcy on October 11, 1926, but had not listed Latham as a creditor. It further appeared that Latham had not been notified of the bankruptcy proceedings. The question submitted to the jury was whether in the absence of notice Latham had actual knowledge of the proceedings in bankruptcy.

There was testimony that Hunt's financial condition had been the subject of many conversations between Hunt and Latham; that Hunt's attorney had told Latham that Hunt was going into bankruptcy; that Latham's son Louis, who lived in the same house with his father, had been listed as a creditor, had been notified of the filing of Hunt's petition and had attended the first meeting of the creditors.

The great weight of the testimony in the case is to the effect that Latham must have known from the beginning that Hunt had been adjudicated a bankrupt. Latham did not attempt to prove his claims within the provable period for some reason which did not appear and the defendant was therefore released from payment of them. The verdict was against the clear preponderance of the evidence and defendant's motion for a new trial is therefore granted.

Attorney for plaintiff: Benjamin Cianciarulo.

Attorneys for defendant: Walling & Walling.